**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Christian De Jesus, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AHOLD DELHAIZE USA SERVICES, LLC,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Civil No.: |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Christian De Jesus ("Plaintiff") brings this action individually and on behalf of all others similarly situated against Ahold Delhaize USA Services, LLC ("Defendant" or "Ahold") and alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of himself and those similarly situated, brings this class action lawsuit against Ahold because of its failure to adequately protect the sensitive personal and confidential information of thousands of over 2.2 million individuals, including, but not limited to names, contact information (for example, postal and email address and telephone number), date of birth, government-issued identification numbers (for example, Social Security, passport and driver's license

numbers), financial account information (for example, bank account number), health information (for example, workers' compensation information and medical information contained in employment records), and employment-related information. **Exhibit A** (the "Data Breach").

2. The Data Breach occurred between November 5-6, 2024.

3. Ahold did not provide notices of the Data Breach to those affected until June 26, 2025. **Exhibit A**.

4. As a result of Ahold's Data Breach, Plaintiff and other affected Class Members have been deprived of the opportunity to quickly take the necessary measures to protect their PII and minimize potential harm.

**PARTIES**

5. Plaintiff Christian De Jesus resides in New Brunswick, New Jersey. Plaintiff was employed by Ahold at a Stop & Shop at the time of the Data Breach in November 2024.

6. Defendant Ahold Delhaize USA Services, LLC is the services provider for grocery stores in the United States owned by non-party Koninklijke Ahold Delhaize N.V. a/k/a Royal Ahold Delhaize ("Ahold Delhaize"), an international retailing group based in the Netherlands and primarily active in the United States and Europe Ahold is a Netherlands corporation with a North American principal place of business at 8112 Woodland Center Blvd, Tampa, Florida.

7. Ahold is a Delaware limited liability company with its principal office located at 2110 Executive Drive, Salisbury, North Carolina 28147.

8. Ahold Delhaize subsidiaries in the United States operate supermarkets under the Food Lion, Hannaford, Stop & Shop, The GIANT Company, ADUSA Distribution, ADUSA Transportation and others. **Exhibit A**.

9. There are approximately 47 Stop & Shop stores in New Jersey.[1]

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interests and costs, and is a class action in which some members of the Class are citizens of states different than Ahold. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Ahold because it has sufficient minimum contacts with the state of New Jersey by way of the business it conducts in New Jersey. Ahold avails itself to the laws of New Jersey through the business it conducts, accordingly, this Court has general personal jurisdiction of Ahold.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial

[1] https://stores.stopandshop.com/nj (last visited July 16, 2025).

part of the events giving rise to the claims herein occurred in this District and Ahold regularly conducts business in this District.

## FACTUAL ALLEGATIONS

### The Data Breach – November 2024

13. Plaintiffs and the Class Members, comprising both employees and family members[2], trusted Ahold to safeguard their PII. Ahold owes Plaintiff and the Class Members a duty to use reasonable care to protect their PII from unauthorized access.

14. On November 6, 2024, Ahold detected a cybersecurity issue involving access to its internal U.S. business systems. Unauthorized parties had access to Ahold's systems on November 5 and 6, 2024.

15. The Data Breach affected over 2.2 million individuals, including the Plaintiff.[3]

16. Beginning on or about June 26, 2025, Ahold disclosed the Data Breach and informed Plaintiff and the Class members the following by letter:

> Given the nature of the file repository, the files that may have been affected contained different types of personal

---

[2] **Exhibit A** ("We are writing to notify you of a cybersecurity issue that may have affected your personal information contained in employment records related to you or your family member.").

[3] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/b17963fc-3806-430e-b28e-bac47eb73a8b.html (last visited July 16, 2025).

> information such as name, contact information (for example, postal and email address and telephone number), date of birth, government-issued identification numbers (for example, Social Security, passport and driver's license numbers), financial account information (for example, bank account number), health information (for example, workers' compensation information and medical information contained in employment records), and employment-related information.
>
> **Exhibit A.**[4]

17. Ahold's announcement came nearly eight (8) months ***after*** the Data Breach occurred.

18. As a result of the delay, Ahold prevented Plaintiff and the Class Members from taking important protective measures to ensure their PII was safe. Ahold has provided no explanation for the delay in notifying Plaintiff and the Class Members.

19. The PII subject to the breach contains sensitive information.

20. Indeed, this PII is incredibly valuable because it is essential to conduct everyday business – from applying for employment or government benefits, to securing financing for major purchases such as a home or a vehicle. In the wrong hands, it can allow a person to commit harmful and serious crimes such as financial fraud and identity theft.

[4] https://dojmt.gov/wp-content/uploads/2025/06/Consumer-notification-letter-8.pdf (last visited July 16, 2025).

**Ahold had Inadequate Measures in Place to Prevent the Data Breach**

21. Ahold is, and at all relevant times has been, aware the PII it collects and maintains on behalf of its employees is highly sensitive and could be used for nefarious purposes by unauthorized third parties.

22. Despite that knowledge Ahold's safeguards were inadequate and failed on or around November 5-6, 2024. Ahold characterized the attack as a "cybersecurity issue," and seemingly attempted to downplay the seriousness of the Data Breach in its letter sent to Plaintiff and Class Members nearly eight (8) months after the Breach occurred.

23. Ahold knew or should have known that its systems were vulnerable to an attack such as this, and should have (but did not) take extensive measures to safeguard its employees PII.

**Ahold Falls Short of FTC Compliance with Regard to Confidential Consumer Data Security**

24. Ahold, through its failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data, has violated Section 5 of the Federal Trade Commission Act of 1914 ("FTC Act"), 15 U.S.C. § 45.

25. First published in 2007, but updated in 2016, The Federal Trade Commission's ("FTC") document "Protecting Personal Information: A Guide for Business" highlights the importance of having a data security plan, regularly

assessing risks to computer systems, and implementing safeguards to control such risks. Thes guidelines advise business to take the following steps to establish reasonable data security practices" protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies and procedures for installing vendor-approved patches to correct security problems. The guidelines also recommend that business consider using an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone may be trying to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.[5]

26. According to the FTC, the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

27. The FTC has issued orders against businesses that violated the FTC Act by failing to employ reasonable measures to secure consumer PII. Not only do these orders serve as enforcement mechanisms, but they also provide further guidance to

[5] FEDERAL TRADE COMMISSION, Protecting Personal Information: A Guide for Business (Nov. 2011), available https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last visited July 16, 2025).

business with regard to their data security obligations.

28. Ahold, well-aware of its obligations to implement fair and reasonable safeguards to protect employees' PII under the FTC Act, has fallen short of fulfilling these responsibilities and exposed its employees to high-risk data breaches.

**Ahold's Response to the Data Breach is Insufficient**

29. The untimely and inadequate notification of the Breach has damaged Plaintiff and Class Members. Ahold should have timely disclosed to Plaintiff and Class Members that their PII was compromised. A timely disclosure would have allowed Plaintiff and Class Members to take appropriate measures to monitor and protect their PII.

30. In addition, Ahold's offer of two years of free credit monitoring is inadequate. Data thieves will be aware of the temporal scope of the protection offered to Plaintiff and the Class Members and can simply wait out the time as is the practice of such cyber criminals.

31. Ahold's proposed remedy does nothing to protect the over 2.2 million individuals who had their PII exposed to criminals, and does not ensure protection from fraud going forward.

32. Indeed, as acknowledged in the letter, Ahold's employees' stolen PII may also be sold on the "Dark Web." **Exhibit A**.

33. Credit monitoring and identity theft protection does not prevent actual

fraud. Because cyber criminals can use the PII from the Breach to drain bank accounts, steal tax refunds, or open utility accounts, Plaintiff and Class Members still must employ heightened scrutiny to ensure that their PII is not being misappropriated, particularly after Ahold stops providing its employees credit monitoring or identity theft protection.

34. Furthermore, Ahold's failure to adequately protect its customers' PII had resulted in customers having to undertake various tasks (e.g., obtaining credit monitoring, checking, credit reports, motoring accounts, etc.) that require time and effort that they would otherwise not have expended on these efforts. At the same time, Ahold has withheld important details about the Breach as it conducts its investigation and is putting the burden on its employees to discover possible fraudulent transactions.

35. All of this translates into, according to the Department of Justice, victims of "misuse of. . . personal information to open a new account or conduct other fraud," the exact type of fraud to which Ahold has exposed its employees, "spen[ding] a mean of 7 hours resolving the problems.[6]

**Plaintiff was Injured by the Data Breach**

36. Plaintiff was injured by the Data Breach.

37. On July 9, 2025, Plaintiff's PayPal account was hacked and used to

[6] https://bjs.ojp.gov/document/vit21.pdf (last visited July 16, 2025).

make a purchase of Apple products via Best Buy totaling $3,837.43.




38. Further purchases were made at an Apple Store in Bridgewater, New Jersey. In total, Plaintiff's PII stolen by cyber criminals was used to purchase 4 iPad 13s and 2 iPhone 16s, totaling more than $7,000.

39. In tandem with the more than $7,000 worth of purchases, Plaintiff's information was used to make purchases through Verizon to provide data plans for the devices purchased at Best Buy.

40. Additionally, as a result of Ahold's failures, a cyber-criminal attempted to open a new line of credit in Plaintiff's name, resulting in an inquiry on his credit

report.

41. Plaintiff's injuries are not hypothetical or illusory, as he has suffered, and continues to suffer, concrete harm in the form of unauthorized charges, attempts to open lines of credit, and damaging inquiries on his credit report.

42. Ahold's supposed "protections" will not do anything to stop future instances of similar attacks already experienced by Plaintiff.

43. Plaintiff has spent, and will have to continue to spend, significant time monitoring his financial accounts to ensure his cyber security.

## CLASS ACTION ALLEGATIONS

**<u>Class Action Under Fed. R. Civ. P. 23</u>**

44. This action is brought by Plaintiff as a class action pursuant to Fed. R. Civ. P. 23(b)(3), (b)(2), (b)(3) and (c)(4) and for all claims asserted herein, on behalf of himself and the following, initially defined, Nationwide Class:

> All United States residents whose personal identifiable information was accessed without authorization in the data breach announced by Ahold in June 2025 (the "Nationwide Class").

45. Pursuant to Fed. R. Civ. P. 23, and in the alternative and/or in addition to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of the state of New Jersey, on behalf of a separate New Jersey Class defined as follow:

> All persons residing in New Jersey whose personal

> identifiable information was accessed without authorization in the data breach announced by Ahold in June 2025 (the "New Jersey Class").

46. Excluded from each of the above classes are Ahold and any of its affiliates, parents or subsidiaries; all employees of Ahold; all persons who make a timely election to be excluded from the respective classes; government entities; all counsel for Plaintiffs and Ahold; and the judges to whom this case is assigned and their immediate family and court staff.

47. Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

48. Each of the proposed classes meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and (c)(4).

49. **Numerosity** – Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, including discovery of Defendant's records, the Class is so numerous that the joinder of all members is impracticable as approximately 2.2 million persons were affected. The Class is comprised of an easily ascertainable set of persons during the Class Period from Ahold's own records.

50. **Commonality & Predominance** – There are questions of law and fact common to the Class, which predominate over any questions affecting only

individual Class members. Questions of law and fact are common to all Class members because, *inter alia*, this action concerns Defendants' common business policies, as described herein, these common questions of law and fact include, without limitation:

a. Whether Ahold engaged in the conduct as alleged herein;

b. Whether Ahold had a duty to protect PII;

c. Whether Ahold used reasonable or industry standard measures to protect Class Member's PII, particularly in light of the measures recommended by data security experts;

d. Whether Ahold adequately or properly segregated its employment records, business systems, and/or its network(s) so as to protect employee PII;

e. Whether Ahold knew or should have known prior to the Breach that its network was susceptible to a potential data breach;

f. Whether Ahold's failure to implement data security measures allowed the breach to occur;

g. Whether Ahold was negligent in failing to implement reasonable and adequate security procedures and practices;

h. Whether Ahold should have notified the Class that it failed to use reasonable and best practices, safeguards, and data security

measures to protect employees' PII;

i. Whether Ahold should have notified class members that their PII would be at risk of unauthorized disclosure;

j. Whether Ahold intentionally failed to disclose material information regarding its security measures, the risk of data interception, and the Breach;

k. Whether Ahold's acts, omissions, and nondisclosures were intended to deceive Class Members;

l. Whether Ahold's conduct violated the laws alleged;

m. Whether Ahold's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Plaintiff and the Class Members'

n. Whether Plaintiff and the Class Members are entitled to restitution, disgorgement, and other equitable relief; and

o. Whether Plaintiff and the Class Members are entitled to recover actual damages, statutory damages, and punitive damages.

51. **Typicality** – Plaintiff's claims are typical of the claims of the Class members in that Plaintiff, like all Class members, were caused harm by Ahold's failure to adequately protect the PII of its employees and family members.

52. **Adequacy of Representation** – Plaintiff will fairly and adequately

protect the interests of the Class. Plaintiff has retained counsel who are experienced in consumer class-action litigation. Plaintiff has no interests which are adverse to, or in conflict with, other members of the Class.

53. **Superiority of Class Action** – A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources and protects the rights of each Class member. The damages suffered by Plaintiffs and the Class members are relatively small compared to the burden and expense required to individually litigate their claims against Ahold, and thus, individual litigation to redress Ahold's wrongful conduct would be impracticable.

**Injunctive and Declaratory Relief**

54. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on

grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

55. Particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

a. Whether Ahold failed to timely notify the public of the Breach;

b. Whether Ahold owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their PII;

c. Whether Ahold's security measures were reasonable in light of data security recommendations, and other measures recommended by data security experts;

d. Whether Ahold failed to adequately comply with industry standards amounting to negligence;

e. Whether Ahold failed to take commercially reasonable steps to safeguard the PII of Plaintiff and the class members; and,

f. Whether adherence to data security recommendations and measures recommended by data security experts would have reasonably prevented the Data Breach.

56. Finally, all members of the proposed classes are readily ascertainable.

Ahold has access to information regarding the Data Breach, the time period of the Data Breach, and which individuals were potentially affected. Using this information, the members of the class can be identified and their contact information ascertained for purposes of providing notice to the Class Members.

## COUNT I

## NEGLIGENCE

***(On Behalf of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New Jersey Class)***

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Upon accepting and storing the PII of Plaintiffs and the Class members in its computer systems and on its networks, Ahold undertook and owed a duty to Plaintiff and Class members to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Ahold knew that the PII was private and confidential and should be protected as private and confidential.

59. Ahold owed a duty of care to not subject Plaintiff, along with his PII, and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

60. Ahold owed numerous duties to Plaintiff and to the Class Members including the following:

a. to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting PII in its possession;

b. to protect PII using reasonable and adequate security procedures and systems that are compliant with industry-standard practices; and

c. to implement processes to quickly detect a data breach and to timely act on warning about data breaches.

61. Ahold also breached its duty to Plaintiff and the Class Members to adequately protect and safeguard PII by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering their dilatory practices Ahold failed to provide adequate supervision and oversight of the PII which it was and is entrusted, despite the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PII of Plaintiff and Class Members, misuse the PII and intentionally disclose it to others without consent.

62. Ahold, knew or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities if its data security systems, and the importance of adequate security. Ahold knew about well-publicized data breaches, yet still failed to protect its employees PII.

63. Ahold knew, or should have known, that its data systems and networks did not adequately safeguard Plaintiff's and Class Members' PII.

64. Ahold breached its duties to Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiff and Class Members.

65. Because Ahold knew that a breach of its systems would damage millions of individuals, including Plaintiff and Class Members, Ahold had a duty to protect its data systems and the PII contained thereon.

66. Ahold had a special relationship with Plaintiff and Class Members, Plaintiff's and Class Members' willingness to entrust Ahold with their PII was predicated on the understanding that Ahold would take adequate security precautions. Further, only Ahold had the ability to protect its systems and the PII it stored on them from attack.

67. Ahold's own conduct also created a foreseeable risk of harm to Plaintiff and Class Members and their PII. Ahold's misconduct included failing to: (1) secure its systems, despite knowing their vulnerabilities, (2) comply with industry standard security practices, (3) implement adequate system and event monitoring, and (4) implement the systems, policies, and procedures necessary to prevent this type of data breach.

68. Ahold also had independent duties under state and federal laws that required Ahold to reasonably safeguard Plaintiff's and Class Members' PII and promptly notify them about the data breach.

69. Ahold breached its duties to Plaintiff and the Class Members in numerous ways including:

a. by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard PII of Plaintiff and Class Members;

b. by creating a foreseeable risk of harm through the misconduct previously described;

c. by failing to implement adequate security systems, protocols and practices sufficient to protect Plaintiff's and Class Members' PII both before and after learning of the Breach;

d. by failing to comply with the minimum industry standards during the period of the Breach; and

e. by failing to timely and accurately disclose that Plaintiff's and the Class Members' PII had been improperly acquired or accessed.

70. Through Ahold's acts and omissions described in this Complaint, including Ahold's failure to provide adequate security and its failure to protect PII of Plaintiff and Class Members from being foreseeably captured, accessed, disseminated, stolen and misused, Ahold unlawfully breached its duty to use reasonable care to adequately protect and secure PII of Plaintiff and Class Members during the time it was within its possession or control.

71. The law further imposes an affirmative duty on Ahold to timely disclose the unauthorized access and theft of the PII to Plaintiff and the Class so that Plaintiff and Class Members can take appropriate measures to mitigate damages, protect against adverse consequences, and thwart misuse of their PII.

72. Ahold breached its duty to notify Plaintiff and Class Members of the unauthorized access by waiting many months after learning of the breach to notify Plaintiff and Class Members and then by failing to provide Plaintiff and Class Members information regarding the Breach until June 2025.

73. Through Ahold's acts and omissions described in this Complaint, including Ahold's failure to provide adequate security and its failure to protect PII of Plaintiff and Class Members from being foreseeably captured, accessed, disseminated, stolen, and misused, Ahold unlawfully breached its duty to use reasonable care to adequately protect and secure PII of Plaintiff and Class Members during the time it was within Ahold's possession or control.

74. Further, through its failure to provide timely and clear notification of the Breach to its employees, Ahold prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their financial data and bank accounts.

75. Upon information and belief, Ahold improperly and inadequately safeguarded PII of Plaintiff and Class Members in deviation of standard industry rules, regulations, and practices at the time of the unauthorized access. Ahold's

failure to take proper security measures to protect sensitive PII of Plaintiff and Class Members, as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of PII of Plaintiff and the Class Members.

76. Ahold's conduct was grossly negligent and departed from all reasonable standards of care. Including but not limited to: failing to adequately protect the PII; failing to conduct regular security audits; failing to provide adequate and appropriate supervision of persons having access to the PII of Plaintiff and Class Members; and failing to provide Plaintiff and Class Members with timely and sufficient notice that their sensitive PII had been compromised.

77. Neither plaintiff nor other Class Members contributed to the Breach and subsequent misuse of their PII as described in this Complaint.

78. As a direct and proximate cause of Ahold's conduct, Plaintiff and the Class have been injured as described in this Complaint and are entitled to damages, including actual, compensatory, consequential, incidental, punitive, and nominal damages, in an amount to be proven at trial.

79. Plaintiff and the Class are also entitled to injunctive relief, including without limitation requiring Ahold to, among other relief: (i) increase the strength of its data security systems and data monitoring; (ii) perform annual audits of those systems; and (iii) provide lifetime free credit monitoring and identity theft insurance

to Plaintiff and all Class members.

## COUNT II

**NEGLIGENCE PER SE**
***(On Behalf of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New Jersey Class)***

80. All previous paragraphs are incorporated as though fully set forth herein.

81. Section 5 of the FTC Act prohibits "unfair . . . practice in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Ahold, or failing to use reasonable measures to protect PII. 15 U.S.C. § 45(a)(1). The FTC publications and orders described above also form part of the basis for Ahold's duty in this regard.

82. Ahold violated section 5 of the FTC Act by failing to use reasonable measures to protect PII and not complying with applicable industry standards, as described in detail herein. Ahold's conduct was particularly unreasonable given the nature and amount of PII it obtained and stored, and the foreseeable consequences of a data breach at a corporation such as Ahold, including, specifically, the immense damages that would result to Plaintiff and Class Members.

83. Ahold's violation of Section 5 of the FTC Act constitutes negligence per se.

84. Plaintiff and Class Members are within the class of persons that the

FTC Act was intended to protect.

85. The harm that occurred as a result of the Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

86. As a direct and proximate cause of Ahold's conduct, Plaintiff and the Class have been injured as described in this Complaint and are entitled to damages, including actual, compensatory, consequential, incidental, punitive and nominal damages, in an amount to be proven at trial.

87. Plaintiff and the Class are also entitled to injunctive relief, including without limitation requiring Ahold to, among other relief: (i) increase the strength of its data security systems and data monitoring; (ii) perform annual audits of those systems; and (iii) provide lifetime free credit monitoring and identity theft insurance to Plaintiff and all Class members.

88. Ahold's breach of its duties provided the means for third parties to access, obtain, and misuse the PII of Plaintiff and the Class Members without authorization. It was reasonably foreseeable that such breaches would expose the PII to criminals and other unauthorized access.

89. Ahold's breach of its duties has directly and proximately injured

Plaintiff and Class Members, including by foreseeably causing them to expend time and resources investigating the extent to which their PII has been compromised, taking reasonable steps to minimize the extent to which their breach puts their credit, reputation, and finances at risk, and taking reasonable steps to redress fraud, identity theft, and similarly foreseeable consequences of unauthorized and criminal access to their PII.

## COUNT III

## BREACH OF IMPLIED CONTRACT
***(On Behalf of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New Jersey Class)***

90. All previous paragraphs are incorporated as though fully set forth herein.

91. Plaintiff and Class Members who gave their PII to Ahold during the period in which the Breach occurred has implied contracts with Ahold.

92. Specifically, Plaintiff and Class Members entered their PII into Ahold's systems to obtain services from Ahold. In exchange, Ahold agreed, among other things: (1) to provide various services; (2) to take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' PII; and (3) to protect Plaintiff's and Class Members' PII in compliance with federal and state laws and regulations and industry standards.

93. Protection of PII is a material term of the implied contracts between

Plaintiff and Class Members, on the one hand, and Ahold, on the other hand. Had Plaintiff known that Ahold would not adequately protect its employees' PII, they would not have given their PII to Ahold.

94. Ahold did not satisfy its promises and obligations to Plaintiff and the Class Members under the implied contracts because it did not take reasonable measures to keep their PII secure and confidential, and did not comply with applicable laws, regulations, and industry standards.

95. Ahold materially breached its implied contracts with Plaintiff and Class Members by failing to implement adequate security measures.

96. Plaintiff and Class members fully performed their obligations under their implied contracts with Ahold.

97. Ahold's failure to satisfy its obligations led directly to the successful intrusion of its computer servers and stored data and led directly to unauthorized parties' access to and exfiltration of Plaintiff's and Class Members' PII.

98. As a result of Ahold's failure to implement necessary security measures, Plaintiff and Class Members have suffered actual damages resulting both from the theft of their PII and remain at imminent risk of suffering additional damages.

99. Accordingly, Plaintiff and Class Members have been injured as a proximate result of Ahold's breaches of implied contracts and are entitled to

damages and/or restitution in an amount to be proven at trial.

100. As a direct and proximate cause of Ahold's conduct, Plaintiff and the Class have been injured as described in this Complaint and are entitled to damages, including actual, compensatory, consequential, incidental, punitive and nominal damages, in an amount to be proven at trial.

101. Plaintiff and the Class are also entitled to injunctive relief, including without limitation requiring Ahold to, among other relief: (i) increase the strength of its data security systems and data monitoring; (ii) perform annual audits of those systems; and (iii) provide lifetime free credit monitoring and identity theft insurance to Plaintiff and all Class members.

## COUNT IV

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
***(On Behalf of Plaintiff and the New Jersey Class)***

102. All previous paragraphs are incorporated as though fully set forth herein.

103. Ahold, while operating New Jersey, engaged in unconscionable commercial practices, deception, misrepresentation, and the knowing concealment, suppression, and omission of material facts with the intent that others rely on such concealment, suppression, and omission, in connection with the sale and advertisement of services, in violation of N.J.S.A. § 56:8-2. This includes:

a. Collecting, sorting, and using vast quantities of highly sensitive PII

concerning consumers in an online, aggregated form over which the consumers themselves exercise no control and which Ahold failed to adequately protect from unauthorized and/or criminal access in violation of statutory and industry standards and its assurances to the public and to the individuals that provide the PII to Ahold;

b. Failing to employ technology and systems to promptly detect unauthorized access to the PII with which it was entrusted;

c. Unreasonably delaying giving notice to consumers after it became aware of unauthorized access to the PII;

d. Knowingly and fraudulently failing to provide accurate, timely information to consumers about the extent to which their PII has been compromised; and

e. Knowingly and fraudulently placing unreasonable and unlawful terms and conditions on consumers obtaining information about the extent to which their PII has been compromised.

104. Ahold's breach of its duties has directly and proximately caused Plaintiff and the New Jersey Class to suffer an ascertainable loss of money and property, including the loss of their PII, and foreseeably causing them to expend time and resources investigating the extent to which their PII has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit,

reputation, and finances at risk, and taking reasonable steps to redress fraud, identity theft, and similarly foreseeable consequences of unauthorized and criminal access to their PII.

105. The above unlawful and deceptive acts and practices by Ahold were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and the New Jersey Class that they could not reasonably avoid. This substantial injury outweighed any benefits to consumers or to competition.

106. Ahold knew or should have known that its computer systems and security practices were inadequate to safeguard Plaintiff's and the New Jersey Class Members' PII and that risk of a data breach or theft was highly likely. Ahold's actions in engaging in the above named unfair practices and deceptive acts were negligent, knowing and/or willful.

107. Plaintiff and the New Jersey Class seek relief under N.J.S.A. § 56:8-19, including, but not limited to, injunctive relief, other equitable actual damages (to the proven at trial), treble damages, and attorneys' fees and costs.

## COUNT V

## DECLARATORY JUDGMENT
***(On Behalf of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New Jersey Class)***

108. All previous paragraphs are incorporated as though fully set forth herein.

109. As previously alleged, Plaintiff and Class Members entered into an implied contract that required Ahold to provide adequate security for the PII it collected from its employees. As previously alleged, Ahold owes duties of care to Plaintiff and Class Members that require it to adequately secure PII.

110. Ahold still possesses PII pertaining to Plaintiffs and Class Members.

111. Ahold has made no announcement that it has remedied the vulnerabilities in its computer data systems, and, most importantly, its systems.

112. Accordingly, Ahold has not satisfied its contractual obligations and legal duties to Plaintiffs and Class members. In fact, now that Ahold's lax approach towards data security has become public, the PII in its possession is more vulnerable than previously.

113. Actual harm has arisen in the wake of the Data Breach regarding Ahold's contractual obligations and duties of care to provide data security measures to Plaintiff and Class Members.

114. Plaintiff therefore seeks a declaration that (a) Ahold's existing data security measures to not comply with its contractual obligations and duties of care, and (b) in order to comply with ins contractual duties of care, Ahold must implement and maintain reasonable security measures, including, but not limited to:

a. Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated

attacks, penetration tests, and audits on Ahold's systems on a periodic basis, and ordering Ahold to promptly correct any problems or issues detected by such third-party security auditors;

b. Engaging third-party security auditors and internal personnel to run automated security monitoring;

c. Auditing, testing, and training its security personnel regarding any new or modified procedures;

d. Segmenting PII by, among other things, creating firewalls and access controls so that if one are of Ahold is compromised, hackers cannot gain access to other portions of Ahold's systems;

e. Purging, deleting, and destroying in a reasonable secure manner PII not necessary for its provisions of services;

f. Conducting regular database scanning and securing checks;

g. Routinely and continually conducting internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h. Educating its employees about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Ahold employees must take to protect themselves.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the Class members, respectfully requests the Court grant the following relief:

A. Certification of the action as a class action under Rule 23 on behalf of the Classes;

B. Designation of Plaintiff as representative of the Classes;

C. Designation of Plaintiff's counsel as class counsel;

D. For equitable and injunctive relief enjoining Ahold from engaging in the wrongful conduct alleged herein concerning disclosure and inadequate protection of Plaintiffs' and the Classes' PII;

E. An Order compelling Ahold to employ and maintain appropriate systems and policies to protect consumer PII and to promptly detect, and timely and accurately report, any unauthorized access to that data;

F. For equitable, declaratory, and injunctive relief;

G. For compensatory damages sustained by Plaintiffs and Class members;

H. For payment of costs of suit herein incurred;

I. For both pre-judgment and post-judgment interest on any amounts awarded;

J. For punitive damages;

K. For payment of reasonable attorneys' fees, expert fees, and expenses, as may be allowable under applicable law; and

L. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Christian De Jesus, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: July 16, 2025 By: *<u>/s/ Charles J. Kocher</u>*

Charles J. Kocher, Esq. (NJ ID 016952004)
Tyler J. Burrell, Esq. (NJ ID 377942021)
Gaetano J. DiPersia, Esq. (NJ ID 442152023)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
cjk@njlegal.com
tjb@njlegal.com
gjd@njlegal.com

*Attorneys for Class Representative Plaintiff Christian De Jesus, for himself and all others similarly situated for the Rule 23(b)(3) Class*